UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: PLANTATION FORD TRACTOR,
INCORPORATED,
Debtor.

ROBERT F. ANDERSON, Trustee,
Plaintiff-Appellant,

No. 96-2085

and

FORD MOTOR CREDIT COMPANY,
Defendant-Appellant,

v.

GODLEY AUCTION COMPANY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-96-319-2-18, CA-95-3668-2-18, BK-92-74100, AP-94-8086)

Argued: May 8, 1997

Decided: June 3, 1997

Before LUTTIG, Circuit Judge,
COPENHAVER, United States District Judge for the
Southern District of West Virginia, sitting by designation,
and MICHAEL, Senior United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Reversed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thomas Whatley Bunch, II, ROBINSON, MCFADDEN & MOORE, P.C., Columbia, South Carolina, for Appellants. Richard Robert Gleissner, FINKEL, ALTMAN & BAILEY, L.L.C., Columbia, South Carolina, for Appellee. **ON BRIEF:** H. Flynn Griffin, III, ANDERSON & ASSOCIATES, P.A., Columbia, South Carolina, for Appellants.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Anderson, Plantation Ford's Trustee in its bankruptcy proceedings, originally brought this action on April 14, 1994, seeking to have certain pre-petition transfers from Plantation Ford to Godley avoided as preferential and certain of Godley's consignment interests in Plantation Ford's equipment avoided as imperfect.

During the course of discovery in this lawsuit, Godley violated five separate court orders, including a court order to pay sanctions for its violation of a previous court order. One of these orders, entered by the court with Godley's consent on January 23, 1995, was issued in response to Anderson's motion for sanctions following Godley's violation of the court's previous order to fully answer a particular interrogatory. The January 23 court order compelled Godley to comply with the court's prior order or suffer the entry of judgment by default, specifically stating:

> ORDERED, ADJUDGED, AND DECREED that the Defendant, Godley Auction Company, shall comply with this Court's Order of October 21, 1994, on or before December 5, 1994. If the Defendant has not complied with the October

2

21, 1994 order at that time, the Court will, upon appropriate motion by the Plaintiff, enter an order striking the Defendant's answer and holding it in default.

J.A. at 39. Godley violated this order as well, by providing an incomplete answer to the interrogatory at issue. At a hearing on June 10, 1995, in response to Anderson's second motion for sanctions, the bankruptcy court struck Godley's answer, and thereafter entered a default judgment in favor of Anderson.

On appeal, the district court reversed, as an abuse of discretion, the bankruptcy court's order striking Godley's answer, and ordered the case remanded to the bankruptcy court for the consideration of a lesser sanction. Anderson appeals to this court, claiming that the district court erred in holding that the bankruptcy court's order amounted to an abuse of discretion. We agree, and accordingly reverse the judgment of the district court.

The district court's sole basis for reversing the bankruptcy court was that the "bankruptcy court did not consider the Wilson factors" prior to striking Godley's answer. J.A. at 85. Our decision in Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 503 (4th Cir. 1977), explains that lower courts should consider four factors prior to imposing default judgment as a sanction for discovery abuse: (1) whether the noncomplying party acted in bad faith, (2) the extent of prejudice to the noncomplying party's opponent, (3) the need for deterrence, and (4) the effectiveness of less drastic sanctions. It is evident on the face of the bankruptcy court's opinion that, contrary to the district court's conclusion, the bankruptcy court did in fact explicitly consider each of factors in turn. As the bankruptcy court's order explained:

> In reviewing the entire record in this case, it appears that Godley has acted in bad faith. Godley has demonstrated a continuing pattern of abusing the rules of discovery and ignoring the Orders of this Court. Godley has ignored several Orders including this Court's Orders of January 23, April 27, and June 1. Godley refused to use reasonable diligence to answer interrogatories, refused to answer questions at depositions, and refused to pay sanctions in a timely manner. The information which Godley refused to produce was

3

material to its defenses, and Godley's failure to provide the information was prejudicial to the other parties' preparation for trial. Godley's Answers to the Trustee's Complaint and Ford Motor Credit's cross claim should be stricken and it held in default. Less drastic sanctions would serve no useful purpose, and would encourage others to act with impunity regarding the Court's Orders.

J.A. at 85. Presented with Godley's flagrant discovery misconduct, the bankruptcy court was not required to provide a more elaborate exegesis of its consideration of the Wilson factors than that quoted above. In holding that the bankruptcy court's opinion insufficiently analyzed these four factors, the district court performed what amounted to a de novo review of the bankruptcy court's decision, weighing the Wilson factors itself and determining that only lesser sanctions were appropriate in response to Godley's violations. Since the district court was reviewing the bankruptcy court's decision under an abuse of discretion standard, it was simply without authority to substitute its judgment for that of the bankruptcy court in this way.

Accordingly, the judgment of the district court is reversed.

REVERSED

4